UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JEROME RIDDICK, : | |
| Plaintiff, : | |
| : | PRISONER |
| v. : | CASE NO. 3:11-cv-631 (SRU) |
| : | |
| LEO ARNONE, et al., : | |
| Defendants. : | |

### **ORDER**

Jerome Riddick, incarcerated and *pro se*, has filed an amended complaint under 42 U.S.C. § 1983 (2000). The only defendant, Thomas Kocienda, is a psychologist at Garner Correctional Institution. Riddick brings claims of denial of equal protection, cruel and unusual punishment and retaliation. All of the claims relate to a disciplinary sanction of confinement to quarters.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id*.

Under the Federal Rules of Civil Procedure and Second Circuit precedent, a *pro se* complaint is adequately pled if its allegations, liberally construed, could "conceivably give rise to a viable claim." *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005). The Court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell*

*Atlantic v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007)). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. But "'[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007)).

Riddick alleges the following facts in his amended complaint. Defendant Kocienda issued Riddick five disciplinary infractions between March 18, 2011, and March 25, 2011. Defendant Kocienda processed the disciplinary reports himself and sanctioned Riddick with confinement to quarters. He did not afford Riddick the procedures provided under Administrative Directive 9.5, the Code of Penal Discipline, including timely notice of the proceedings, review by a disciplinary investigator, assistance of an advocate, an opportunity to present witnesses, a hearing by an unbiased hearing officer and an opportunity to appeal.

Riddick remained on confinement to quarters status from March 18, 2011, through March 28, 2011. While on confinement to quarters, Riddick was denied showers, recreation, telephone access and hygiene items. As a result, he suffered offensive body odor, poor hygiene and extreme itchiness of the skin and genitalia. He also experienced undue stress, mental anguish and hatred of correctional employees.

**Orders**

The Court enters the following orders:

(1) **The Pro Se Prisoner Litigation Office shall** verify the current work address for

defendant Kocienda, mail a waiver of service of process request packet including the amended complaint to him in his individual capacity within fourteen (14) days of this Order, and report to the court on the status of the waiver request on the thirty-fifth (35) day after mailing. If defendant Kocienda fails to return the waiver request, the Pro Se Prisoner Litigation Office shall make arrangements for in-person service by the U.S. Marshal Service on defendant Kocienda in his individual capacity. Defendant Kocienda shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2) **The Pro Se Prisoner Litigation Office shall** send a courtesy copy of the Complaint and this Ruling and Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(3) **The Pro Se Prisoner Litigation Office shall** send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(4) **Defendant Kocienda shall** file his response to the amended complaint, either an answer or motion to dismiss, within **seventy (70) days** from the date of this order. If he chooses to file an answer, he shall admit or deny the allegations and respond to the cognizable claims. He also may include any and all additional defenses permitted by the Federal Rules.

(5) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order. Discovery requests need not be filed with the court.

(6) All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(7) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive

motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

Entered at Bridgeport, Connecticut this 19th day of October 2011.

        /s/ Stefan R. Underhill
        Stefan R. Underhill
        United States District Judge